ELLIS, Judge.
Final opinion herein was filed by the Civil Service Commission on October 11, 1974. Notice thereof was mailed to all parties on October 15, 1974. A motion for appeal was filed by Earl E. Walker on November 14, 1974. The State Parks and Recreation Commission has filed this motion to dismiss the appeal on the ground that it was not timely filed.
Rule XVI, Section 2 of the Uniform Rules of the Courts of Appeal provides:
“An application for an appeal shall be made to the respective Commission in writing within thirty (30) days after the date of filing of the Commission’s final decision with the Director of Personnel or the Secretary. The Director of Personnel or the Secretary shall, within twenty-four (24) hours, notify all parties to the controversy by U.S. Mail at the last known address of each of the filing of the Commission’s decisions.”
The motion for appeal was filed more than thirty days after the opinion of the Civil Service Commission was filed, but within thirty days of the date of the notice of its filing.
The Commission claims that the first sentence of the above rule requires that the delay for filing an appeal begins to run when the final decision is filed, regardless of when the notice is sent. Mr. Walker contends that the delay can only begin to run when the notice of filing is mailed, to prevent the loss of appeal rights in the event no notice is sent until more than thirty days after the final decision is filed.
Although both of the provisions in Rule XVI, Section 2, are couched in mandatory terms, we are of the opinion that an appellant is bound by the first provision only if the Director observes the second. , Taking the rule as a whole, we *518 find it evidences an intent to grant a delay of thirty days from the mailing of notice of the filing of a final decision, if the notice is not sent within twenty-four hours as required by the rule. Since the Director failed to follow the rule insofar as it requires notice be sent within twenty-four hours, we do not think that Mr. Walker can be held to the strict provisions thereof as to the commencement of the delay for filing his application for appeal.
The motion to dismiss is therefore denied.